UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

KARL MARX CANDELARIA

    Plaintiff,

v.            No. 1:16-cv-1339 JCH/WPL

NEW MEXICO DEPARTMENT
OF CORRECTIONS, CENTURION
CORRECTIONAL HEALTHCARE, LLC, and
CORE CIVIL,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's civil rights complaint. (Doc. 1). Plaintiff is incarcerated, appears *pro se*, and is proceeding *in forma paperis*. After reviewing the complaint *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), the Court will dismiss the complaint and grant Plaintiff thirty (30) days from the entry of this Order to amend his pleading.

Standards Governing *Sua Sponte* Review

The Court has discretion to dismiss an *in forma pauperis* complaint *sua sponte* under § 1915(e)(2) "at any time if … the action … is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court may also dismiss a complaint *sua sponte* under Rule 12(b)(6) if "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [plaintiff] an opportunity to amend [the] complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quotations omitted). The plaintiff must frame a complaint that contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Because Plaintiff is *pro se*, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall,* 935 F.2d at 1110. While *pro se* pleadings are judged by the same legal standards that apply to represented litigants, the Court can overlook the "failure to cite proper legal authority, … confusion of various legal theories, … poor syntax and sentence construction, or … unfamiliarity with pleading requirements." *Id.* Further, *pro se* plaintiffs should ordinarily be given the opportunity to cure defects in the original complaint, unless amendment would be futile. *Id.* at 1109.

## Factual Allegations

Plaintiff asserts the Defendants were deliberately indifferent to his medical needs in violation of 42 U.S.C. § 1983 and the Eighth and Fourteenth Amendments. He alleges that on October 28, 2016, he slipped and fell on water leaking from a poorly maintained drinking fountain at the Northwest New Mexico Correctional Facility ("NNMCF"). *See* Doc. 1, p. 2. Officer Chino completed an incident report and transferred Plaintiff to NNMCF's medical unit. *Id.* However, the nurse turned Plaintiff away, stating "he would see [Plaintiff] after Med-line" (*i.e.,* the queue of inmates waiting for medical care). *Id.* Plaintiff was not examined until 18 days later, after he filed a formal grievance and his counselor intervened with the medical unit. *Id.* The medical providers ordered x-rays of Plaintiff's knee and lower back, but they did not provide any treatment. *Id.*

After the fall, Plaintiff underwent an unrelated surgery to remove his gallbladder. *Id.* Centurion Correctional Healthcare staff deprived Plaintiff of pain medication for at least 24 hours after the surgery in retaliation for his earlier grievance. *Id.* at p. 3.

According to Plaintiff, this behavior is consistent with NNMCF's and Defendants' overall failure to provide adequate care and other programs to inmates. Plaintiff alleges that: (1) NNMCF's medical staff received sub-standard training; (2) the prisoners are being used as test subjects; (3) Defendants refuse to follow policies and procedures governing prison conditions; and (4) there are "woefully few jobs and programs available to inmates." *Id.* at p. 5-6. Plaintiff also complains that NNMCF "was a women's facility before male inmates were brought [there]." *Id.* at p. 5. He asserts that "NNMCF is not prepared to house male inmates, who have a greater propensity to act out violently when they are treated badly." *Id.*

Plaintiff seeks $15 million in damages from the New Mexico Department of Corrections, Centurion Correctional Healthcare, LLC, and Core Civil for the alleged civil rights violations. *Id.* at p. 7.

## Analysis

"A cause of action under section 1983 requires the deprivation of a civil right by a 'person' acting under color of state law." *McLaughlin v. Bd. of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000). The plaintiff must allege that each government official, through the official's own individual actions, has personally violated the Constitution. *See Trask v. Franco,* 446 F.3d 1036, 1046 (10th Cir. 1998). There must also be a connection between the official conduct and the constitutional violation. *Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008); *Trask,* 446 F.3d at 1046.

Plaintiff's complaint does not meet this standard, as he does not appear to name a defendant subject to liability. The Tenth Circuit has explicitly held that the "New Mexico Department of Corrections is not a 'person' subject to suit under § 1983." *See Blackburn v. Department of Corrections,* 172 F.3d 62 (10th Cir. Feb. 25, 1999) (unpublished). Further, a private corporation

acting under the color of state law is only liable under § 1983 when the corporation's official policy or custom caused a deprivation of constitutional rights. *See Hinton v. City of Elwood, Kan.,* 997 F.2d 774, 782 (10th Cir. 1993) (A private corporation performing a government function can be held liable under § 1983 only where a plaintiff shows "1) the existence of a...policy or custom, and 2) that there is a direct causal link between the policy or custom and the injury alleged."). Plaintiff has not alleged that Centurion Correctional Healthcare, LLC or Core Civil deprived him of his constitutional rights pursuant to an official corporate policy or custom. The complaint therefore does not state a claim against the entity defendants.

Plaintiff's reference to "any and all staff members involved" is also not sufficient to bring any particular person into this action. *See* Doc. 1, p. 2. A successful § 1983 complaint must "make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma,* 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in the original).

For the foregoing reasons, the Court will dismiss the complaint and permit Plaintiff to file an amended complaint within 30 days of entry of this order. The Court notes that even if Plaintiff identifies the individuals involved, the allegations must still state a claim under § 1983. That section requires the alleged deprivation to be objectively serious, and the prison official to have "a sufficiently culpable state of mind." *Craig v. Eberly,* 164 F.3d 490, 495 (10th Cir.1998) (quotations omitted) (setting out the two-part test). In the healthcare context, the medical need must be "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. " *Oxendine v. Kaplan*, 241 F.3d 1272, 1276 (10th Cir. 2001). The defendants must have also known that the plaintiff faced "a substantial risk of serious harm and disregard[ed] that risk by failing to

take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994).

If Plaintiff declines to timely file an amended complaint or files an amended complaint that similarly fails to state a claim, the Court may dismiss the case with prejudice and without further notice.

IT IS THEREFORE ORDERED that Plaintiff's civil rights complaint (Doc. 1) is DISMISSED without prejudice pursuant to § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may granted.

IT IS FURTHER ORERED that Plaintiff may file an amended complaint within 30 days of entry of this order.

_____
UNITED STATES DISTRICT JUDGE