# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW MEXICO

KARL MARX CANDELARIA

    Plaintiff,

v.                                                                                  No. 1:16-cv-1339 JCH/WPL

NEW MEXICO DEPARTMENT
OF CORRECTIONS, CENTURION
CORRECTIONAL HEALTHCARE, LLC, and
CORE CIVIL,

    Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

Before the Court is Plaintiff's Amended Civil Rights Complaint. (Doc. 14). Plaintiff is incarcerated, appears *pro se*, and is proceeding *in forma pauperis*. For the reasons set out below, the Court will dismiss the Amended Complaint for failure to state a claim. The Court will also impose a "strike" under 28 U.S.C. § 1915(g).

Plaintiff filed his original complaint on December 7, 2016. He asserts Defendants were deliberately indifferent to his medical needs in violation of 42 U.S.C. § 1983 and the Eighth and Fourteenth Amendments. Specifically, Plaintiff alleges the Northwest New Mexico Correctional Facility ("NNMCF") medical staff failed to treat his injuries from a fall. *See* Doc. 1, p. 2. The medical staff also purportedly withheld pain medication following a surgery in retaliation for an earlier grievance. *Id.* at p. 3. The complaint seeks $15 million in damages from the New Mexico Department of Corrections, Centurion Correctional Healthcare, LLC, and Core Civil. *Id.* at p. 7.

The complaint does not identify any individual wrongdoers, and none of the named Defendants are subject to liability. The Tenth Circuit has held that the "New Mexico

Department of Corrections is not a 'person' subject to suit under § 1983." *See Blackburn v. Department of Corrections,* 172 F.3d 62 (10th Cir. Feb. 25, 1999) (unpublished). Further, private corporations like Centurion Correctional Healthcare, LLC, and Core Civil can only be liable under § 1983 when the corporation's official policy or custom caused a deprivation of constitutional rights, which Plaintiff did not allege. *See Hinton v. City of Elwood, Kan.,* 997 F.2d 774, 782 (10th Cir. 1993) (A private corporation performing a government function can be held liable under § 1983 only where a plaintiff shows "1) the existence of a...policy or custom, and 2) that there is a direct causal link between the policy or custom and the injury alleged.").

For these reasons, the Court dismissed the complaint on July 19, 2017 for failing to state a cognizable claim. *See* 28 U.S.C. § 1915(e)(2) (Courts may *sua sponte* dismiss an *in forma pauperis* complaint "if … the action … fails to state a claim upon which relief may be granted."); 28 U.S.C. § 1915A(b) (The Court must dismiss any inmate complaint that fails to state a cognizable claim or "seeks monetary relief from a defendant who is immune…" ). Consistent with *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991), Plaintiff was given thirty days to amend his complaint to cure the pleading defects. The Court also provided guidance about what the amended complaint must allege to survive initial review. In particular, the Court warned that any amended complaint must "make clear exactly *who* alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma,* 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in original).

Plaintiff filed an Amended Complaint on August 23, 2017,[1] which "attach[es] (3) additional pages that state laws, rules, statutes, [and] records" from "[his] file." *See* Doc. 14, p. 1. All three pages set forth the legal standards for "Due Process Claims for Personal Injuries and Property Deprivation," "Cruel and Unusual Punishment." "The Right to Receive Medical

---
[1] The deadline to file an amended pleading was actually August 19, 2017, but the Court will overlook the delay.

Treatment," and "Conditions of Confinement." *See* Doc. 14, p. 2-4. The Amended Complaint does not contain new factual averments or identify any persons responsible for the alleged constitutional violations. *See McLaughlin v. Bd. of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000) ("A cause of action under section 1983 requires the deprivation of a civil right by a 'person' acting under color of state law."). The Amended Complaint therefore fails to state a claim on which relief may be granted, and this action will be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b).

Such dismissal counts as a strike under the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g). *See Hafed v. Bureau of Prisons,* 635 F.3d 1172, 1176-77 (10th Cir. 2011) (holding that dismissal of an action as frivolous, malicious, or for failure to state a claim under § 1915(e)(2)(B) counts as a strike under § 1915(g)). The Court notifies Plaintiff that if he accrues three strikes under the PLRA, he may not proceed *in forma pauperis* in civil actions before the federal courts unless he is under imminent danger of serious physical injury. *See* § 1915(g).

**IT IS HEREBY ORDERED** that this action is **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 1915A(b) for failure to state a claim on which relief may granted; and judgment will be entered.

**IT IS FURTHER ORERED** that a strike is **IMPOSED** against Plaintiff Karl Marx Candelaria under 28 U.S.C. § 1915(g).

_____
UNITED STATES DISTRICT JUDGE